Court will proceed to the third case, Reinbold v. Thorpe. Mr. Schmall. Thank you, Your Honor. May it please the Court, my name is Michael Schmall and I represent Gena Reinbold as the Chapter 7 Trustee of the Bankruptcy Estate of Timothy Thorpe. This appeal really poses the question as to the extent to which a trustee of a bankruptcy estate of one party to a pending divorce action may seek to exercise her rights and powers under the bankruptcy code to realize value for the benefit of the bankruptcy estate and all creditors of assets that may be marital property subject to later division by the state court or conversely whether or not the subsequent award by the state court forecloses all of the trustee's rights. Specifically in this case, the trustee is seeking to exercise her rights as a hypothetical purchaser and judgment-leading creditor related to the debtor's one-half joint interest in the marital residence of the debtor and the non-debtor spouse. In order to avoid an inchoate statutory right created by Illinois state law under Section 503E of the Illinois Marriage and Dissolution of Marriage Act. That posited another way because we are dealing in a hypothetical right or a right defined by hypothetical standards of a sale to a bona fide purchaser. Could the debtor in this case have transferred his one-half interest in the marital residence free and clear of his spouse's inchoate interest created under state law under Section 503E. The answer to that question, first of all, lies in the plain language of the statute. Section 503E both creates a vested interest in all marital property that resides in both spouses. So in this case, the non-debtor spouse received a vested inchoate interest in the debtor's one-half interest of the residence. However, the second sentence of that statute specifically provides that this interest, although vested, shall not encumber the property so as to restrict its transfer, assignment, or conveyance by the title holder, in this case the debtor, unless such title holder is specifically enjoined. That language necessarily means that the absent an injunction. The debtor could have sold his one-half interest in the house free and clear of the inchoate interest of his now former spouse. The only other reading of that, only other possible reading which is argued by my opponent, is that if the inchoate interest remains with the asset upon its transfer, that absolutely would restrict the debtor's ability to transfer the asset as it would encumber it, decrease its value, and it poses the question of whether or not anyone would actually be willing to buy it if the asset is subject to divestment upon a later ruling by the state court. In other words... Well, a transfer with that inchoate contingency is not impossible. I'm sorry, Your Honor, is it possible? It's not impossible. There is no restriction on the transfer. It just transfers with the inchoate interest as a contingency, subject to whatever the divorce court does with that interest later. Well, Your Honor, the Illinois courts, which are cases we've cited in the brief, have defined the term encumber broadly as essentially anything that would reduce the value of the property itself, such as a lien, such as a contract right or a contingent right. In this case, if you were to sell this asset subject to the contingency of a further state court order, at a minimum, it would have to necessarily reduce the value that you could receive in a sale. But further, I would argue that that is the definition of encumbering in this case, and therefore it's prohibited by the statute. So the Illinois courts read this 503E as extinguishing the other spouse's contingent one-half interest in marital property? No, Your Honor, I apologize. I did not mean to over-speak. There has not been an Illinois court that has specifically ruled on this second sentence, that the interest shall not encumber the ability to transfer or sell. The definition that I was referring to of encumbrance has been a definition that has been applied to the word Furthermore, Your Honor, if you could sell this asset subject to this contingency, I think you would end up with a perverse result that is not intended and would result in an unintended windfall for the marital estate, if you will. Because if one spouse could transfer this property interest subject to the other spouse's 503 inchoate interest, then those proceeds from that sale should be theoretically marital property, as property acquired during the marriage. And additionally, since the state court would retain the authority to award the property itself to the other spouse, the state court would be essentially having the ability to award both the property and the value of that property, which is a double award. Furthermore, the state statutes and common law provide the non-debtor spouse with a remedy here, in the event that there is a transfer that injures that spouse. For starters, Section 503D of the Illinois Act permits the state court to consider what they call dissipation, which is a transfer by one spouse to the injury of the other when dividing, making the equitable distribution of marital property. In other words, the state court can consider that and award more property to the non-transferring spouse. The statute does not say if that property is transferred, we can then seek to avoid the transfer. Conversely, the statute does permit an injunction, does permit a party to the divorce proceeding to come in and seek an injunction specifically to restrict transfers of marital property. But the statute does not guarantee that injunction, nor does that injunction automatically take place under state law. Therefore, the implication being that absent that injunction, as specifically stated in the second sentence of 503E, the property is freely transferable, free and clear. Furthermore, Illinois common law has long recognized the ability of a spouse, in or out of the context of a divorce, to challenge what may be a sham or a fraudulent transfer, not in the Fraudulent Transfer Act sense, but any transaction that may be fraudulent or a sham, on an independent basis under Illinois common law. So under Illinois law, the non-debtor spouse here does have remedies and does have protections that are not dependent on this 503 inchoate interest remaining with the property. Furthermore, there is a compelling federal policy issue involved here. The Congress has enacted the Bankruptcy Code, which contains numerous policy decisions regarding priorities of interest. It provides various protections, and if, in this case, where the trustee obtains a right that is not dependent on the debtor's ownership interest, if you will, in the one-half joint interest in the house, but it's dependent on the rights that a hypothetical purchaser would have of that property. In other words, it's specifically based on the hypothetical rights of a third party assuming a sale. There is no reason that the state statutes should allow the non-debtor spouse to circumvent the priorities and the policies involved in the Bankruptcy Code. Congress does provide protections for non-debtor spouses and other parties, including innocent creditors, by creating priorities, priorities for tax purposes, priorities for... Right. This case doesn't really implicate anything in the Bankruptcy Code. It's a question under state law about what the scope of Timothy the debtor's interest in the home, what the scope of that interest is. Yes, Your Honor, I will argue that I think that is correct. That is the primary issue is what is the nature of that interest, and there's really a two-sentence statute that both creates and limits that interest. That is Section 503E of the Illinois Act. The first sentence creates it and states that that interest vests upon the commencement of the divorce action. However, the second sentence expressly limits it or qualifies it. This is not a vested interest in the sense that I have a property, it provides me with a property right that is inviolate and remains with me absent some kind of judicial process. This is a unique animal. The second sentence specifically provides that this vested interest, while created by the first sentence, is prohibited from encumbering the title-holding party, i.e., the party who has always held title in the asset, from transferring it. Your Honor, I see that the light has come on. If there are no more questions, I'll reserve my time. Okay, thank you. Thank you. Mr. Hayden. Good morning, Your Honors. May it please the Court, esteemed counsel, and Mrs. Thorpe. My name is Dale Hockey. I represent the appellee, Belva Thorpe, in this matter. I have to admit my head is spinning just a little bit because of the variety of claims and arguments that the trustee has made throughout this case. And now that we're here on the second appeal, because as the Court well knows, when we have a bankruptcy case, the bankruptcy judge is at least in the Seventh Circuit, the appeal goes to the United States District Court. So, of course, here we have a 21-page opinion from Judge Perkins, who analyzed all of these issues. He found that Section 503E did not effect a transfer that the trustee could go after. The trustee appealed that decision, and after close to nine, ten months, we had a decision from U.S. District Court Judge Sarah Darrow. She did have a little bit different spin on this unusual animal, Section 503E. She found that there was a change in the nature of the ownership when the dissolution petition was filed. In other words, Mr. and Mrs. Thorpe were joint tenants. Mrs. Thorpe files the dissolution action in October of 2012. 503E then vests the marital property in both of those persons. Judge Darrow found that in reviewing the slight change from joint tenancy to vested interest that that may have been a transfer. That's one of the only things I agree with the appellant in the appellant's brief. So I'm not exactly sure what they are arguing. Are they arguing, like Judge Darrow thought at some points in her opinion, that the judgment of divorce itself, the decree, was somehow a transfer or should be attackable? Is it the first sentence of 503E that vests the property? Is that what's attackable? I'm not sure. No, the only transfer that's at issue in this case is a hypothetical one when the bankruptcy action is filed. That means the trustee takes the hypothetical transfer of the debtor's property to him or her. Yes, Your Honor. And purely hypothetical under the operation of the bankruptcy code, but we don't actually have any transfer going on here other than that hypothetical one. What we have are interest in property and whether there's a contingent interest in the other spouse's half until the dissolution and division of property is completed by the divorce court. So I'm not sure either of the lower courts really fleshed this out properly. Your Honor, I'm not 100% sure either, although I was very impressed by Judge Perkins's as... We've got a lot of pages of decision here and a lot of thorough analysis, and I'm trying to simplify it radically. I understand, Your Honor. And Judge Darrow did state that Judge Perkins used the scholarly excursus, a word I went to Google to find out what they were talking about. But they did have a different spin. But if you look at the cases such as Zachman by Judge Doyle... Let's just look at the statute maybe. Okay, let's look at the statute, Your Honor. Under 503E, the first sentence grants a vested right in both parties. The second sentence then says, oh, but that right doesn't encumber it so as to prohibit a transfer. Now, let's assume, for example, that one of the parties to the divorce has a million-dollar property owned solely by that person. The divorce is filed, and it's determined that's marital property. The other spouse is vested in that property. What if that later sells for a million dollars, and the divorce court determines that the non-marital spouse, or at least at the time that the divorce was filed, is entitled to $100,000 of that? You can't prohibit... This vested right doesn't prohibit the transaction or the transfer, but it does as Dziliak, as Zachman, as Kimmel. They all say the same thing. What does the trustee later get? The trustee has a contingent interest that vanishes when the divorce court determines the interest against that party. And so really what the trustee wants us to do is have bankruptcy judges become divorce court judges, and they don't want to do that. They defer in all these cases, starting with N. Ray White in the Sixth Circuit in 1988. All of these cases defer to the expertise of the divorce court. And in this case, Mr. Schmall said, well, there's another remedy, and there'd be a perverse result unless this happened. In this case, within days of the divorce, Mr. Thorpe took $98,000 and gave it away and dissipated it. And it was that half, his half of the house, that was granted to Mrs. Thorpe to even out that dissipation. That's all in the record. The perverse result is taking away half of Mrs. Thorpe's house to pay Mr. Thorpe's creditors? Not even sure how much he had at the time of the divorce. So I think that 503E has never been determined or held in the way that the trustee would like to expand that decision. In fact, all of the cases are against the trustee. The trustee has not cited one case, no authority for the second sentence. It's just made up out of whole cloth. The trustee likes to use in her brief the terms qualified, inchoate. The statute uses the term vested. We know what the term vested means. We know that Mrs. Thorpe was vested at the time. I also note, let's assume that I'm wrong on a lot of this stuff. And let's assume for purposes of this discussion that there was a transfer. Is the trustee a bona fide purchaser? The trustee has totally abandoned and not mentioned in her brief or her reply brief the doctrine of list pendants that she argued so vociferously for. Judge Perkins shot that down, didn't have a problem with that. Why? Because there's both constructive and inquiry notice. I don't think the court will ever get to that point in this case. But if you do, and you read both Judge Perkins and Judge Darrow's opinions, you will see that both of them were quite convinced that the trustee was under constructive and inquiry notice at the time that the bankruptcy was filed. One other thing that I don't see in some of the modern cases, like Kimmo and DeZilliac and Zachman, or in Ray West, a recent opinion by Judge Barnes, says the same thing. Says the same thing. But in the earlier cases, one of the things that the courts were concerned about was the use of bankruptcy as a weapon. That's what has occurred in this case. Bankruptcy as a weapon. Divorce filed. Give away most of your property. And six months later, let the bankruptcy trustee go after the marital assets so the bankruptcy trustee can pay the debtor's debts and not pay the dissipated spouse's assets to her. That's what the trustee wants. This is an expansion. The trustee pooh-poohs the idea that this could, as I put it in the brief, wreak havoc. Well, how many divorces are out there right now that are either pending or final and are not four years old? Under the Uniform Fraudulent Conveyance Act and the strong arm powers, the trustee has four years to go back. How many divorces are we going to see attacked by trustees if this is the result? I don't think the trustee's position is tenable in this situation. It's just an invasion. It is a perverse result. In Kujawinski, Illinois Supreme Court, that found that the Illinois Marriage and Dissolution of Marriage Act was constitutional, one of the things that Kujawinski said was the purpose of the MDMA was to, quote, mitigate the damages done in divorce cases. Also, specifically stated that 503E did not effect a transfer. So I think the Illinois Supreme Court would have no problem with this case either. I wish they had it. Go ahead. I'm sorry, Your Honor? I said I wish they had it. Go ahead. Yes. One other thing that hasn't been really briefed very much, Your Honors, and that is at any point in time, if this court does not have subject matter jurisdiction, the court may dismiss the case. Under the Rooker-Feldman doctrine, what the trustee is really asking this court to do is allow the trustee to go in and attack either the statute or the decisions of the state court. That should not be allowed. We should cut that off right now. Your Honors, I see my light is on here. If you have any specific questions, I'd be glad to try and answer those. I don't have any time for rebuttal, but in the event that the court has no questions, I respectfully retire. All right. Thank you. Thank you. Mr. Schwalm. Thank you, Judges. With all due respect to my opponent, my opponent makes a big display of the fact that we have not cited cases specifically interpreting the second sentence of Section 503E. With all due respect, neither is he, because this is a new issue, quite frankly. The cases that Mr. Hockey has listed out, both in the brief and here before you, that involve Section 503 only discuss the vested nature of the interest, and they are all exclusively in the context of defining the rights of the bankruptcy state based on Section 541 of the Bankruptcy Code. This establishes what and what is not property of the state in the first instance. The trustee here does not exercise any rights under Section 541. Rather, the rights that are exercised presume a hypothetical transfer of this one-half interest. It is not based on Section 541. Therefore, those cases are really not relevant to this proceeding. Secondly, we are not asking the bankruptcy court to sit in judgment or review of divorce courts. First of all, that is not what we've asked. Second of all, to the extent that the trustee, exercising her rights to challenge the results of an equitable property distribution, that challenge is based on an independent right within the Bankruptcy Code. In this case, 544A. There are other rights, such as Section 547, 544B, 548. All of those rights have been used, and for years have been used, to challenge property awards in divorce contexts. There is nothing new, or we're not asking to extend the law in any respect, nor are we asking bankruptcy courts to sit in judgment. Third of all, my opponent has argued that in this case the bankruptcy has been used as a weapon, where the debtor was allowed to dissipate assets, and $98,000 worth of assets, and therefore the non-debtor spouse was explicitly awarded the house. Well, that is essentially the calculus that the state court undertook here, but that does not make bankruptcy a weapon. That would result is what Section 503 allows, in Section D, the court to do, to remedy dissipation. However, the weapon that is used here in the parties that are being left in the lurch are the innocent creditors of the debtor. They do not generally have a seat at the table in the divorce court. They are left, they haven't done anything wrong. Yet what's effectively happened here, in this case, it was $98,000 of 401K assets, which are retirement funds and exempt for creditors. Creditors have been used to marital property regimes for decades now. I'm sorry? Creditors have been used to marital property regimes in many states, most states, for many decades now, and they plan accordingly. So pleading the plight of the poor creditors is not going to get you very far. Fair enough, Your Honor, except that in Kujawinski, the state Supreme Court of Illinois has expressly said that the divorce does not alter the rights of third parties, creditors, contract parties, and those rights are to be respected. It does not make sense to allow, because of the limited yet vested interest here, to avoid that result and therefore modify the rights of these third parties and creditors. One more thing, Your Honor. The issue of constructive or inquiry notice is really a red herring. That argument, Lispennan's argument, is not before the court. We are not proceeding it, and the statute authorizes the transfer. Thank you. Thanks to all counsel. Case is taken under advisement.